## EDMONDSON v. MASON.

UNDER the Act of 1857, (Ch. 236) Regulating Fees of Office in Certain Counties, the Sheriff may charge fees for copies of the summons and injunction served by him in a suit, though the copies were prepared and printed by the plaintiff, and certified by the Clerk at the plaintiff's request; but the Sheriff must look for his fees to plaintiff, at whose request the copies were served, and cannot sue the Clerk for money had and received—although plaintiff had paid the Clerk for such copies—unless the money was delivered to him to be paid the Sheriff.

The Clerk is entitled to charge, under that act, fees for certified copies of summons and injunction, if the copies, though prepared by plaintiff, were certified by the Clerk at plaintiff's request. There is no necessity for plaintiff to obtain copies of summons and injunction from the Clerk.

Under the Practice Act, personal service of writs and process is made by delivering a copy to the party upon whom service is required. Independent of the statute, the mode would be by showing the original under seal of the Court, and delivering a copy.

The statute points out no mode for service of an injunction; but in conformity with the provision relative to the summons, delivery of a copy is essential to personal service, where that is required; but whether it would by necessary to exhibit the original, unless specially requested by the party served, no opinion is here expressed.

APPEAL from the Third District.

The facts are stated in the opinion of the Court.   The answer was a general denial.   Plaintiff had judgment; defendant appeals.

*John A. Lent*, for Appellant.

*Van Voorhies & Hamilton*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and BALDWIN, J. concurring.

This is an action for money alleged to have been received by the defendant for the use of the plaintiff, and arises upon the following facts.   In May, 1860, one Castro instituted a suit in the District Court for the county of Alameda, against one Huce and seventy-nine others, and obtained from the Clerk, for service, certified copies of the summons, complaint and injunction in the case.   These copies, with the certificates ready to be signed, were printed, and were handed by the attorney of Castro to the defendant, who is the Clerk of the Court, with a request to his deputy to see that they were properly prepared and certified.   The fees charged by the Clerk in the case—and we infer that they were for the copies referred to, including the originals—amounted to $2,040, (less sixty dollars for the printing) and of this sum $1,700 were paid to him by Castro.   Of the copies, certified as we have stated, service was made by the plaintiff, who is the Sheriff of the county, upon sixty-nine of the defendants; and the questions presented for consideration are, whether he is entitled to charge fees for the copies of the summons and injunctions served, as if they were made by himself; and if so, whether he is entitled to recover the amount of such fees out of the moneys received by the Clerk from Castro.   It is admitted that these fees amounted to five hundred and fifty-two dollars.

The Act of April 28th, 1857, Regulating the Fees of Office in Certain Counties, originally applied to the offices in Alameda county. (Session Laws of 1857, Ch. 236.)   The amendatory Act of March 5th, 1858, excepted them from its operation, and applied the Act of April 10th, 1855, to the fees of office of that county.   (Session Laws of 1855, Ch. 55.)   The amendatory Act of April 18th, 1859, restored the operation of the original Act of 1857, so far as to embrace the offices in Alameda county.   (Session Laws of 1859, Ch. 278.)   The counsel for the respondent is, therefore, mistaken, in supposing the fees

which the Sheriff and Clerk of Alameda are entitled to charge, are to be determined by the Act of 1855. They are to be determined by the Act of 1857. By this last act, the Sheriff is entitled to charge for copies "of any writ, process, or other paper, when demanded *or required by law*, for each folio twenty cents." The personal service of writs and process can only be made by delivering a copy to the party upon whom the service is required. So far as the summons is concerned, the statute in terms designates this mode. (Sec. 29 of Pr. Act, as amended in 1854.) Independent of the statute, the mode would be by showing the original under the seal of the Court, and delivering a copy. The statute does not point out any mode for the service of an injunction, but in conformity with the provision in regard to the summons, the delivery of a copy is essential where the service is required to be made personally, and it would not, perhaps, be necessary to exhibit the original, unless specially requested by the party, though upon this latter point we express no opinion. For the copies, therefore, served in the present case, the Sheriff was entitled to charge the party in the suit at whose request the service was made. The officer could not be deprived of his legal fees, because the party, for greater dispatch, or any other cause, saw fit to prepare the copies himself, or have them prepared elsewhere. But he cannot maintain the present action, unless the fees were delivered to the Clerk to be paid over to him, and such does not appear to have been the case. He must look, therefore, to Castro for them, and not to the Clerk. There was no necessity, it is true, for Castro to obtain copies of the summons and injunction from the Clerk, or his certificate to any copies. All that was required from the Clerk was the original summons and injunction, and certified copies of the complaint. The Clerk was, no doubt, willing to furnish such copies, and was bound to do so if requested, as he is bound to furnish copies of any writs or papers in his office, upon the tender of his legal fees. The importance of the copies called for, or the object for which they are desired by the applicant, are matters which do not concern him. In the present case, the Deputy Clerk was requested to see that the papers were correctly prepared and certified. The Clerk is entitled, under the Act of 1857, to charge for copies of proceedings, writs or other papers, twenty cents for each folio, and as with the Sheriff, he cannot, as the law now stands, be deprived of his fees, in this respect, because litigants choose to prepare the copies themselves. It was entirely unnecessary for Castro, as we have stated, to obtain the copies

from the Clerk, or his certificate; but having done so, the Clerk was entitled to make the same charges as though he had prepared the copies entirely himself. The result is, that Castro will probably be subjected to great useless expense; but this is a consequence from which we cannot relieve him. The expenses thus unnecessarily incurred cannot be taxed against the defendants in the case, but must be borne by himself.

It follows that the judgment must be reversed, and the cause remanded; and it is so ordered.