[No. 9,402.  Department One.—April 30, 1884.]

GOLDEN GATE CONSOLIDATED HYDRAULIC MINING COMPANY, PETITIONER, v. SUPERIOR COURT OF YUBA COUNTY, RESPONDENT.

WRIT OF REVIEW—EX PARTE ORDER FOR INJUNCTION.—As an appeal lies from an order granting an injunction, such an order made without due notice of the application therefor, cannot be annulled in a proceeding for a writ of review.

ID.—SUSPENSION OF BUSINESS OF CORPORATION. — Where the general and ordinary business of a corporation is "buying and selling mining claims or in working them," an injunction which restrains the mining operations of the corporation in a particular manner, alleged to be to the injury of others, does not suspend the general and ordinary business of the corporation within the meaning of section 531 of the Code of Civil Procedure.

ID.—SERVICE OF INJUNCTION.—An affidavit of service of an injunction which states that the same was personally served upon the superintendent and managing agent of the corporation, is *prima facie* evidence of a valid service, although affiant further stated that he was "informed and believes" that the person served was such superintendent and managing agent.

ID. — REVIEW OF EVIDENCE OF SERVICE—JURISDICTION. — Without deciding that the court will review the evidence as to the service of an injunction when the jurisdiction of the court to which the writ issues depends upon such evidence, *held*, that where the evidence is conflicting, and there is evidence tending to prove the fact on which the jurisdiction depends, the determination of the lower court will not be questioned.

ID. — NOTICE. — When the officers and agents of a corporation have actual notice of an injunction against the corporation, they are bound by it, although it was not served.

ID. — SERVICE — SHERIFF. — An injunction may be served by any person authorized to serve a summons. Subdivision 8 of section 4176 of the Political Code, which provides that "the sheriff must serve all process and notices in the manner prescribed by law," does not give to or impose upon the sheriff exclusively the duty of serving all process and notices, but requires of him to serve such as are placed in his hands, which the law commands him to serve when addressed or handed to him.

CORPORATION — CONTEMPT. — A corporation can be punished for contempt in disobeying an injunction.

ID. — AFFIDAVITS — JURISDICTION. — The jurisdiction of a court to adjudge a contempt committed out of its presence does not depend upon the form of the affidavit which sets the proceeding in motion. When the order to show cause is served, the defendant can appear and answer any contempt alleged against him. The commitment is not based upon the affidavits, but upon evidence introduced on the return day of the order to show cause; and a finding that a contempt was committed will not be reviewed on *certiorari.*

ID. — SERVICE OF ORDER TO SHOW CAUSE. — When the officers of a corporation charged with contempt in disobeying a legal order wilfully conceal themselves to avoid service of an order to show cause why it should not be adjudged guilty of a contempt, the court may order that service be made upon its attorney in the action.

ID. — The service upon an attorney who had not been formally substituted for the attorneys of record, but who had repeatedly appeared as one of the attorneys of the corporation, is sufficient.

ID. — SEPARATE CONTEMPTS. — Each act violative of an injunction is a separate contempt.

APPLICATION for a writ of review.

The facts are stated in the opinion of the court.

*Frank H. McNally,* and *Chas. J. Heggerty,* for Petititioner.

*Richard Bayne,* and *E. A. Davis,* for Respondent.

McKINSTRY, J. — The return to the writ of review shows that in the action, *County of Yuba* v. *Golden Gate Consolidated Hydraulic Mining Company,* an injunction was issued, *ex parte,* commanding the defendant, its officers, agents, servants, etc., until the further order of the court, "to desist and refrain from depositing or suffering to flow into the channel or bed of the Yuba River, or into the channel or bed of Sucker Flat Ravine, or into the tributary streams, gulches, or ravines which lead into said river or ravine, any of the tailings from defendant's hydraulic mines, or the earth, sand, clay, sediment, stones, or other material discharged from said mines, commonly called mining debris." The defendant in that action was by the Superior Court adjudged guilty of three several contempts in

violating the injunction order.   We are asked to annul the contempt judgments and the orders which preceded them.

It is claimed by petitioner that the injunction is *void,* because no notice was given petitioner of the application for it.   Section 531 of the Code of Civil Procedure provides that an injunction, "to suspend the general and ordinary business of a corporation," cannot be granted " without due notice of the application therefor to the proper officers or managing agent of the corporation."

It is obvious that petitioner cannot have the order for the injunction annulled, because he had an *appeal* from the order granting the injunction.   (Code Civ. Proc. §§ 963, 1068.)

The point of petitioner is, that inasmuch as the injunction was *void,* the petitioner, its servants, etc., were not bound to obey it, and the Superior Court had no jurisdiction to punish as for contempt any disobedience of it.   But the injunction did not suspend the general and ordinary business of the corporation "in buying and selling mining claims, or in working them," but only suspended its conduct of mining operations, in a particular manner alleged to injure the plaintiff in the action in which the injunction was issued.

It is further said by petitioner that the injunction was never served on it—the defendant in the action, *County of Yuba* v. *Golden Gate Company*—because the person on whom it was served was not an officer or agent of the corporation when the service was made.

The affidavit of service states that the server personally served the injunction on " W. J. Madden, superintendent and managing agent of said defendant."   The subsequent statement that he was "informed and believes" that Madden was superintendent and managing agent, does not detract from the previous statement.   He could know the fact only from information derived from some source.   The return was *prima facie* evidence of the fact.   (*Rowe* v. *Table Mountain W. Co.* 10 Cal. 441.)

It is also urged that the court, issuing the writ of *certiorari,* will review the *evidence* when the jurisdiction of the court to which the writ issues depends upon such evidence; that we should look into the affidavits used on a motion to quash the service.   If this be conceded, still, where the evidence is conflicting, and there is evidence tending to prove the fact on which

jurisdiction depends, this court must hold that the court which decided the fact had jurisdiction. Such is the case here. Besides, there is evidence that the petitioner, its officers and agents, had *actual notice* of the injunction. If it and they had such actual notice, they were bound by the injunction, although it was not served at all. (High on Injunctions, 2d ed. §§ 14, 21, 22, 23, 24, and notes; *Ex parte Cottrell,* 59 Cal. 421.)

It is further claimed that an injunction can be served only by the *sheriff,* and counsel for petitioner cites subdivision 8 of section 4176 of the Political Code: "The sheriff must serve all process and notices in the manner prescribed by law." The section is found in the chapter defining the duties of sheriff, and does not give to or impose upon him exclusively the duty of serving all process and notices, but requires of him to serve all process and notices directed to him, or placed in his hands for service, which the law commands him to serve when addressed or handed to him. The Code of Civil Procedure does not provide how or by whom an injunction shall be served, but the important matter is that the party enjoined shall have notice, and the statute being silent, it is at the most sufficient if service is made in conformity with the mode prescribed with reference to service of summons. And this seems to be intimated in *Edmondson* v. *Mason,* 16 Cal. 388.

The petitioner argues that a corporation cannot commit a contempt. It has been held that a *municipal* corporation cannot be attached for violation of an injunction, but that its officers who disobey the writ may be. (*London* v. *Lynn,* 1 Black, 206; *Davis* v. *Mayor etc.* 1 Duer, 451; *Bass* v. *City of Shakopee,* 27 Minn. 250.) But other corporations may be punished for contempts. (*The People* v. *Albany etc. R.* 12 Abb. Pr. 171; 20 How. 358; *United States* v. *Memphis etc. R.* 6 Fed. Rep. 237; *The Mayor etc. of N. Y.* v. *Staten Is. Ferry Co.* 64 N. Y. 624.)

Petitioner contends that the affidavits on which contempt proceedings were initiated were insufficient to give the court jurisdiction, because the facts constituting the alleged contempt were not stated therein positively, nor were they described. The facts are set out showing a clear violation of the injunction by the defendant, petitioner here. It is true they are stated on information and belief. But the jurisdiction of the court to adjudge

a contempt, committed out of its presence, does not depend upon the form of the affidavit which sets the proceedings in motion. Here an order to show cause was made, and, if it was served, the defendant had an opportunity to appear and answer any contempt alleged against it. The omissions in the affidavit, upon which the order was made, may have been irregularities, but the commitment was not based upon such affidavits, but upon the oral testimony of witnesses, and documentary evidence given and introduced on the return day of the order to show cause. In each case the Superior Court found that the defendant, on a certain day, in violation of said injunction, and in contempt of the order of the court, did operate its mine, etc., and deposit and flow its debris, etc. It is not our province to inquire whether the court below was justified in finding the existence of the facts which constituted the contempt. (*Ex parte Cottrell*, 59. Cal. 420; *Ex parte Perkins*, 18 Cal. 60.)

The several orders to show cause why the defendant should not be punished for contempt in disobeying the injunction were served upon *attorneys* for defendant. Section 1015 of the Code of Civil Procedure provides that, when a party has an attorney in an action, the service of papers, when required, must be upon the attorney, except . . . . of papers to bring him in contempt. And section 1016 reads: "The foregoing provisions of this chapter do not apply to the service of summons or other process, or of any paper to bring a party into contempt."

Section 1212 provides, that when a contempt is not committed in the immediate presence of the court, a warrant of commitment may be granted "upon an order to show cause."

There is no express provision in the Codes as to the mode of service of the order to show cause upon a *corporation* in contempt proceedings. It may be conceded, in the view we take, that the order to show cause is "a paper to bring a party into contempt," within the meaning of sections 1015 and 1016; and that, ordinarily, the service of such paper, like that of summons, must be upon "the president or other head of the corporation, secretary, cashier, or managing agent thereof."

But, in the case at bar, it was made to appear to the court, by satisfactory evidence, that diligent efforts had been made to serve

an officer or managing agent; that the officers of the corporation had attempted to resign their offices, and that they had *concealed* themselves to avoid service of the order, whereupon the court ordered that service be made upon one or more of the attorneys of defendant.

The question to be considered is : When a party charged with contempt, in disobeying a legal order, wilfully conceals himself to avoid service of an order to show cause why he should not be adjudged guilty of a contempt, is the court powerless to proceed, or to prevent the continued disregard of its lawful order?

It is obvious that the provisions of the Code referred to do not contemplate such concealment. Certainly it is not to be tolerated that a party may defy the court, and continue to violate a restraining order, until personal service can be had of "the paper to bring him into contempt." Every court has inherent jurisdiction to punish a contempt, and the twelve hundred and ninth section of the Code of Civil Procedure, in its enumeration of the acts which are contempts, includes "disobedience of any lawful order," etc. And section 187 of the same Code, which is but declaratory of the common law, reads: "When jurisdiction is by the Constitution or this Code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and, in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

The defendant in the action had entrusted its attorneys with the protection of its interests and the defense of its rights. We can see no abuse of authority on the part of the court in directing that the order to show cause should be served on an attorney, since it was made to appear that the defendant, by reason of its own acts, could not be served personally. The process was "suitable," and the mode adopted by the court "conformable to the spirit of the Code."

The court found the defendant guilty of three separate contempts, in disobeying the restraining order on three several days. This it was authorized to do. Each act violative of the injunction was a separate contempt.

One of the orders to show cause was served upon F. H. McNally, Esq., who had not been formally substituted for the attorneys of record, but who, as appears from the record, had repeatedly appeared in the proceedings as one of its attorneys. Sections 284 and 285 of the Code of Civil Procedure have no immediate bearing on any question here presented. The service on Mr. McNally, who had acted as attorney, was neither unsuitable nor unconformable to the "spirit of the Code."

Judgments and orders affirmed.

Ross, J., concurred.

McKEE, J., concurred in the judgment.