[S. F. No. 6334. In Bank.—April 4, 1913.]

SOLANO AQUATIC CLUB (a Corporation), Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SOLANO et al., Respondents.

CONTEMPT—SEPARATE ACT OF DISOBEDIENCE IS SEPARATE CONTEMPT.— Disobedience of any lawful judgment, order or process of the court is a contempt, and every separate act of disobedience is a separate contempt.

ID.—INJUNCTION RESTRAINING OPERATION OF FERRY—OPERATION ON SEPARATE DAYS.—The continuous operation of a ferry service upon three separate days, in violation of a temporary restraining order prohibiting its operation, constitutes three separate contempts.

APPLICATION for a Writ of Certiorari to review several orders of the Superior Court of Solano County adjudging the petitioner to be in contempt.

The facts are stated in the opinion of the court.

Charles S. Wheeler, for Petitioner.

John J. Barrett, and Lent & Humphrey, for Respondents.

HENSHAW, J.—*Certiorari* to review three several orders of the superior court of the county of Solano, adjudicating petitioner, the Solano Aquatic Club, to be in contempt for continuing to operate its ferry service upon three separate days, after notice that a temporary restraining order prohibiting it from so doing had theretofore been issued from the court.

The violation of the temporary injunction is not questioned. The principal contention is that the restraining order itself is void. The reasons advanced are those which have been considered and decided adversely to petitioner's contention in the case of *Vallejo Ferry Company* v. *Solano Aquatic Club* (Sac. No. 2054, this day decided), *ante*, p. 255, [131 Pac. 864].

The only other proposition which merits consideration is the contention of petitioner that though its acts were continuous and covered violations upon separate days, the court had the power to punish only for a single contempt. Manifestly, if

such be the law, the petitioner here could suffer punishment for one act and then be free to operate its ferry not only until final determination on the appeal from the order granting the temporary injunction, but until final determination of the appeal from the permanent injunction, should such an injunction follow upon the conclusion of the trial. But such is not the law. Disobedience of any lawful judgment, order or process of the court is a contempt (Code Civ. Proc., sec. 1209), and every separate act of disobedience is a separate contempt. (*Golden Gate Consolidated Hydraulic Mining Co.* v. *Superior Court of Yuba County,* 65 Cal. 187, [3 Pac. 628].) In that case, in violation of an injunction, the petitioner for a writ of review had been found guilty of three separate acts of contempt in operating its mine and permitting its debris to flow into the Yuba River. Says this court: "The court found the defendant guilty of three separate contempts in disobeying the restraining order on three several days. This it was authorized to do. Each act violative of the injunction was a separate contempt." Reference also may be made to *Ex parte Stice,* 70 Cal. 51, [11 Pac. 459]; *Overend* v. *Superior Court,* 131 Cal. 280, [63 Pac. 372], and 9 Cyc. 58.

The judgments in contempt were therefore within the jurisdiction of the court to pronounce, and this writ of review is accordingly discharged.

Shaw, J., Lorigan, J., Melvin, J., Sloss, J., and Angellotti, J., concurred.