[Crim. No. 3097.   First Dist., Div. Two.   Feb. 23, 1955.]

In re ELLIOTT H. TOOR, on Habeas Corpus.

Thomas J. Pope for Petitioner.

Raymond Williamson for Respondent.

Walter McGovern for Ethel Toor, Real Party in Interest.

KAUFMAN, J.—Petitioner Elliott H. Toor seeks discharge from custody pursuant to a writ of habeas corpus issued out of this court on the ground that he is being held in

custody without legal cause and is entitled to be discharged from custody pursuant to the provisions of sections 1143-1154 of the Code of Civil Procedure.

On November 29, 1954, petitioner Elliott H. Toor was adjudged in contempt of court for his wilful failure to pay alimony and support money for the maintenance of his minor child in the amount of $2,700 and ordered imprisoned in the county jail until payment of said money. He seeks his discharge on habeas corpus on the ground that on December 17, 1954, he moved the superior court for a discharge from said imprisonment on the ground that he did not have any estate to the amount of $50, to which fact he testified and which testimony he claims was substantially undisputed, but that nevertheless that court refused to administer the oath of section 1148, Code of Civil Procedure, and denied the motion to discharge; and on the further ground of double jeopardy because he had before on November 8, 1954, been adjudged in contempt and imprisoned for the same failure but had on November 18, 1954, been discharged by the superior court on the court's own motion on the ground that the affidavit on which the order to show cause *in re* contempt was issued was defective in jurisdictional respects.

The ground of double jeopardy has no merit. ■ Contempt of court for failure to comply with the court's order to pay when one has the ability to pay is a continuing offense. Furthermore, the original contempt order was discharged because of a defective affidavit not because petitioner had complied with the court's order or did not have the ability to comply. (See *People* v. *Hamberg,* 84 Cal. 468 [24 P. 298].)

■ The order of contempt of November 29, 1954, was based on the facts existing on that date and the previous discharge by the court because of an insufficient affidavit based on facts occurring previously is not double jeopardy. (*Golden Gate Consol. Hydraulic Min. Co.* v. *Superior Court,* 65 Cal. 187 [3 P. 628]; *Solano Aquatic Club* v. *Superior Court,* 165 Cal. 278 [131 P. 874].)

■ The transcript of the hearing on November 29 shows over and above petitioner's testimony as to his lack of estate that when petitioner was arrested for an alleged violation of section 270a, Penal Code, $1,000 cash was put up as bail money which bail was still in force and which amount petitioner testified was deposited by his brother. However, Ethel Toor testified, over petitioner's objection, that in October, 1954, prior to said arrest she saw petitioner hand to a certain

Harry Chernoff a roll of bills, saying something after which Mr. Chernoff said: "Why can't I do it?" and petitioner answered: "No, you go to my brother Bud; give it to him so he can claim it, so she can't get her mitts on it." In denying the discharge the court stated for the record his opinion that petitioner had not spoken the truth.

Petitioner's testimony that the bail money belonged to his brother was contradicted by Ethel Toor and was ample reason for disbelieving petitioner's testimony. Furthermore, Ethel Toor's testimony was sufficient to support a finding that the bail money belonged to petitioner.

It is also our view that the showing before the trial court on November 29, 1954, that petitioner had $1,000 in October is sufficient for the trial court to find that petitioner still had the $1,000 on December 17, 1954. This is true because the bail money found by the trial court to belong to petitioner was still up on deposit at the time of the hearing of December 17, 1954. A reading of the transcript amply supports the trial court's implied finding that petitioner had an estate of over $50.

The trial court having found on sufficient evidence that petitioner had the ability to pay on December 17, 1954, his motion for discharge from custody under sections 1143-1154, Code of Civil Procedure was properly denied. (*In re Pillsbury*, 69 Cal.App. 784 [232 P. 725].)

*In re Johnson*, 92 Cal.App.2d 467 [207 P.2d 123], cited by petitioner in support of his contention, is not here in point for the reason, as stated there by the court, that "According to his uncontradicted and unimpeached testimony he is presently unable to pay the alimony award." Here petitioner's testimony was both impeached and contradicted.

Ordered writ of habeas corpus be discharged and petitioner be remanded into custody of the Sheriff of the City and County of San Francisco.

Nourse, P. J., and Dooling, J., concurred.