[Crim. No. 8753.   Second Dist., Div. Three.   Apr. 11, 1963.]

In re BERNICE A. MANCINI on Habeas Corpus.

Patrick Coleman for Petitioner.

Harold W. Kennedy, County Counsel, and Robert C. Lynch, Deputy County Counsel, for Respondent.

SHINN, P. J.—The order for the imprisonment of petitioner was made in a divorce action in which petitioner's husband, Joseph J. Mancini, was found in contempt and sentenced by order which has this day been annulled in 2d Crim. No. 8742. [*Ante*, p. 54.]

By order of October 19, 1961, petitioner was awarded custody of the minor child, a 12-year-old boy.   Both parties were restrained from annoying, harassing or molesting the other, from disposing of property and from discussing their marital relations or making any derogatory remarks to or about the other in the presence of the child; plaintiff was to have the exclusive use and possession of the family residence, but no unrelated persons were to reside therein.   The order awarding plaintiff custody of the child provided "with right

of reasonable visitation to defendant which includes but is not limited to physical custody on alternate week-ends from 9 AM Saturday to 6 PM Sunday commencing October 21, 1961." October 22, 1962, defendant filed a certificate which stated "plaintiff has continuously and wholly refused defendant visitations with said minor child either as ordered by the court, as aforesaid, or in any other manner." It was also stated that in 14 instances the boy had made statements to his father which indicated that plaintiff had probably discussed their marital relations and made derogatory remarks about defendant in the presence of the boy. There was no assertion of any statement made by plaintiff to or in the presence of the boy.

Hearing was had upon an order to show cause why plaintiff should not be found in contempt for violation of the order; on August 31, both plaintiff and defendant testified and the court made an order reading in material part: "The Court interviews the minor child in chambers and counsel waive this discussion. The Court finds that the plaintiff had knowledge of the order of October 19, 1961, that she had the ability to comply with the order of the Court and that she wilfully failed and refused to comply with said order. The plaintiff is found in contempt of Court and is ordered to return to this courtroom on November 1, 1962, 9 AM for sentencing." Continuances were had until December 27.

It is shown by the sheriff's return to our writ that on December 27, 1962, the court made an order entitled "Commitment to County Jail," which stated that by order of October 10, 1961, plaintiff was ordered to allow defendant "visitation per order"; that plaintiff had knowledge of the order, the ability to comply with the same, but had wilfully refused to do so. It was stated that an order to show cause had been issued returnable December 27 and that the court now finds that plaintiff had ability to comply with the order and has wilfully failed to comply with the same. Plaintiff was ordered to surrender herself to the sheriff at 8 p.m. January 4, 1963, to be released at 8 p.m. January 6, 1963. No reference was made to the court's order of August 31. No order to show cause had been issued for plaintiff's appearance on December 27. No evidence was received and no hearing was had at that time.

A proceeding in indirect contempt is initiated by affidavit stating the facts with respect to the conduct of the accused which would amount to wilful violation of the judgment or order. (Code Civ. Proc., § 1211.) Also the adjudication of

contempt must be entered in the docket "specifying particularly the offense." (Code Civ. Proc., § 1218.)

It is too clear to admit of question that the court has made no finding of fact which would constitute violation of the order. The recital in the August 31 order that plaintiff had failed to comply with the order was a mere conclusion. (*Harlan* v. *Superior Court,* 94 Cal.App.2d 902 [211 P.2d 942], and cases cited.) There were numerous duties cast upon plaintiff by the October 10, 1961, order and, as we have seen, the accusatory certification of defendant charged plaintiff with some 15 alleged violations of the order. None of these charges was found to be true. There was no finding whether the order had been violated by the refusal of plaintiff to permit defendant to visit with the child or to return the child after visiting with him. Plaintiff was to allow defendant "the right of reasonable visitation." A statement that this right had been denied would not have been a statement of fact. Whether the privileges allowed were reasonable or unreasonable would be a matter of opinion. The reference in the order of commitment to "visitation per order" and refusal to comply therewith must be disregarded as a purported finding. The court, on August 31, had stated its reason for declaring plaintiff to be in contempt, and as previously stated, the recitation in the order of December 27 was not pursuant to any hearing that was had on that date. The only matter before the court was the sentencing of plaintiff.

Contempt proceedings being criminal in nature must be conducted in strict compliance with the statutory procedure. Jurisdiction to make the order must affirmatively appear of record; no presumption of regularity in the proceedings applies. (*Hotaling* v. *Superior Court,* 191 Cal. 501 [217 P. 73, 29 A.L.R. 127].) The requirement of section 1218, Code of Civil Procedure, that an order must be entered "specifying the offense" was not met by the court's conclusion that there had been a failure to comply with the order. Generalities have no place in contempt proceedings.

Since no facts were found by the court as to plaintiff's conduct which would have constituted a violation of the order the adjudication of contempt was in excess of the court's jurisdiction and should be annulled.

The petitioner is discharged.

Ford, J., and Files, J., concurred.