[Crim. No. 11638.    Second Dist., Div. Three.    Feb. 2, 1966.]

In re CHARLES W. HINMAN on Habeas Corpus.

Caryl Warner for Petitioner.

No appearance for Respondent.

Murray M. Chotiner and George Magit for Real Party in Interest.

FRAMPTON, J. pro tem.*—Habeas corpus to review a judgment of imprisonment for contempt.

We will confine this opinion to matters relating to Count III of the order to show cause for the reasons hereinafter stated.

The petitioner's principal point in attacking the validity of the judgment, as it relates to Count III, is that he was charged in a single count with three possible contempts and that by reason thereof he was unable to prepare his defense, that he was not apprised of the precise charge against him and, therefore, would be unable to properly plead double jeopardy in the event a further prosecution was had on the subject of the three separate orders.

Petitioner is the defendant in a divorce action filed by his wife against him on February 13, 1963, entitled "MARCIA B. HINMAN, Plaintiff, v. CHARLES W. HINMAN, MILDRED E. BATES, JOHN DOE, RICHARD DOE, MARY DOE and SUSAN DOE, Defendants" numbered D625330 in the Superior Court of the State of California for the County of Los Angeles. After trial of the action, and on March 13, 1964, an interlocutory decree of divorce was entered wherein the following order, material to the issues herein, was made. "5. Defendant Charles W. Hinman is hereby ordered to pay directly to Plaintiff's attorneys Murray M. Chotiner and George Magit the sum of $4,000 as attorneys' fees in addition to such sums as have heretofore

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

been awarded, payable at the rate of $500 per month on the first day of each and every month commencing February 1, 1964, and further that said defendant is hereby ordered to pay said attorneys' costs in the sum of $448.37 that have been expended in behalf of plaintiff's prosecution of this action." On June 19, 1964, petitioner filed a notice of appeal from the interlocutory decree of divorce. On July 10, 1964, the court made the following order, "Re Motion of Plaintiff for attorney fees, costs, and etc: Defendant is ordered to pay to counsel for plaintiff for and on account of attorney's fees on appeal the sum of $1,500.00, payable $500.00 on August 1, 1964, $500.00 on September 1, 1964 and $500.00 on October 1, 1964, provided, that should the defendant's appeal be dismissed, the defendant will be ordered to pay to plaintiff's attorney the total sum of $250.00 to this date for attorney's fees, payable forthwith. Defendant is restrained from proceeding further with his appeal until he pays the attorney's fees as ordered."

On April 1, 1965, the plaintiff filed her declaration in support of an order to show cause why the petitioner should not be held in contempt of court for his alleged willful disobedience of the terms of the interlocutory decree of divorce wherein he was directed to pay to his wife's attorneys the sum of $4,000 for their fees and the further sum of $448.37 for their costs incurred in connection with the prosecution of the wife's action. The declaration also set forth the alleged willful violation of the order of July 10, 1964, relating to the payment of attorney's fees on appeal. Portions of the foregoing orders were set forth separately in the declaration and it was further alleged therein that no payments had been made on any of them. After many continuances, the hearing on the order to show cause issued upon the foregoing declaration, was finally heard and submitted for decision on September 24, 1965. On September 28, 1965, the court entered its judgment finding petitioner in contempt of court on three counts. Count I was predicated upon the order contained in the interlocutory decree of divorce to pay the sum of $4,000 attorneys' fees; Count II was predicated upon the order entered in the same decree to pay the sum of $448.37 costs and, Count III was predicated upon the order of July 10, 1964, to pay the sum, as alleged in the declaration, of $1,500 attorney's fees on appeal. The trial court imposed a sentence of five days in the Los Angeles County Jail as to each of the three counts and ordered the sentences to run consecutively.

The court then suspended the execution of the sentences to 10 a.m. on November 1, 1965, to enable the defendant to purge himself of the contempts by complying with the orders. The judgment further provided that, "If defendant does not comply with said orders on or before said hour and date, said jail sentences shall be forthwith executed, and defendant shall then be remanded to the custody of the Sheriff of Los Angeles County on proper application by plaintiff supported by affidavit that said orders have not been complied with."

On November 15, 1965, one of the attorneys for the plaintiff made an application for execution of the foregoing judgment on the grounds that the defendant had not complied with the orders of the court and had made no effort to purge himself of the contempts. An order to show cause was issued on the application and a hearing thereon was held on December 7, 1965. At this hearing the court found that the defendant had failed to purge himself of the contempts and ordered the defendant committed in accordance with the judgment theretofore pronounced. On December 16, 1965, while serving his sentence, the defendant filed his petition for a writ of habeas corpus, which this court granted on December 17, 1965. The writ was made returnable in this court on January 19, 1966. Pending the hearing on the writ the defendant was ordered released from custody without bail. It is clear from the foregoing summary of events that when this court granted the petition the defendant had already served the sentences pronounced on Counts I and II. This leaves for consideration the validity of the judgment pronounced as to Count III.

As heretofore pointed out, the judgment of contempt as to Count III is predicated upon the defendant's alleged willful failure to comply with the order of July 10, 1964, relating to the payment of the wife's attorneys' fees on appeal. This order as entered by the court, directed the defendant to pay the sum of $1,500 in three equal monthly installments. The order also contained the proviso that should the defendant's appeal be dismissed, "the defendant will be ordered to pay to plaintiff's attorney the total sum of $250.00 to this date for attorney's fees, payable forthwith."

"It is well established in this state that the affidavit by which a contempt proceeding is instituted, in order to sufficiently support an adjudication of contempt, must state facts constituting the offense; otherwise the court is without jurisdiction. [Citations.] No intendments or presumptions

can be indulged in aid of the sufficiency of the proceedings . [citation]; it is immaterial as affecting the sufficiency of the affidavit what facts are proved or found by the court [citation]; and the accused is entitled to be clearly and fairly apprised of the particular accusation against him. [Citation.]" (*Warner* v. *Superior Court*, 126 Cal.App.2d 821, 824 [273 P.2d 89].)

The declaration in support of the order to show cause, as it relates to Count III, clearly shows that the respondent court had ordered the petitioner to pay to his wife's attorneys the sum of $1,500 in installments of $500 on the first of each month commencing August 1, 1964, and that nothing had been paid pursuant to said order as of April 1, 1965. The declaration further alleged, amongst other things, that "Defendant was, on July 10, 1964 restrained from proceeding with his appeal unless and until he first paid $1,500 as and for attorneys fees. He has failed to pay said fees but has proceeded to perfect his appeal by depositing monies for the Clerk's and Reporter's Transcript." The petitioner could have been charged, under the foregoing order, with three separate counts of contempt, but instead, the wife elected to charge him with but one count based upon his willful failure to pay any sum on the total amount ordered. This placed the petitioner in a more favorable position to defend the charge than if he had been charged with three separate counts based upon his willful failure to pay the installments as they became due. As the charge stands, the petitioner could have exonerated himself by simply establishing that he had paid but one installment. We have examined the file in the divorce proceedings below, and there appears in the court's findings, amongst other things, the following, "The Court finds that the aforesaid orders of this court were in all respects lawful orders, and that defendant CHARLES W. HINMAN had actual knowledge thereof at or about the time said orders were made, and subsequent thereto.

"The Court finds . . . that said defendant CHARLES W. HINMAN was personally present in court on July 10, 1964, when said order of July 10, 1964, was pronounced, and that said defendant was fully informed regarding the same.

"The Court further finds that since said date, said defendant, who is an attorney at law, has repeatedly examined the file of the court herein and had actual knowledge of the making of such orders.

"The Court further finds that said defendant had the power and capacity to obey and comply with said orders but that he did not do so, and that he did intentionally and wilfully refuse to do so, and that he still intentionally and wilfully refuses to do so."

In a contempt proceeding the facts essential to establish jurisdiction are: (1) the making of the order; (2) knowledge of the order; (3) ability of the respondent to render compliance, and (4) willful disobedience of the order. (*Warner* v. *Superior Court, supra,* 126 Cal.App.2d 821, 824.)

An examination of the declaration in support of the order to show cause in the case at bench discloses that it contains all of these essential elements, and an examination of the judgment discloses that the trial court made findings, as to each of these elements, sufficient to sustain the judgment.

Petitioner also claims that the respondent court lacked jurisdiction to find him guilty on more than one count of contempt because the conviction was based on a single declaration. In effect he maintains that each count must be supported by a separate declaration or affidavit in support of the order to show cause. We see no merit in this contention for which there is admittedly no authority. No good reason appears for creating an additional burden on the moving parties in these matters, particularly since it does not appear how petitioner would be benefited by having numerous orders to show cause and declarations in support thereof served on him, rather than a single one. The People, in criminal cases, may charge two or more offenses in the same accusatory pleading (Pen. Code, § 954), a practice which has withstood attack on constitutional grounds. (*In re Pearson,* 30 Cal.2d 871 [186 P.2d 401].)

Naturally the declaration should apprise the alleged contemner of the number of counts he has to answer. In this case the moving party used the printed "Order to Show Cause and Declaration In Re Contempt" approved for use in such cases by the Los Angeles County Superior Court. The first averment in the declaration contained in that form calls for the moving party to specify what orders the court has made. A box to be filled in provides separate spaces in which there must be alleged the purpose of the payment ordered, the amount ordered, the day or dates the money is payable, the starting day of the payments ordered, the amount accrued,

the amount paid, and the amount delinquent. A second box asks for averments concerning the amounts in which the alleged contemnor is in default. As filled in by Mrs. Hinman it is quite clear that she charged that petitioner was in default as to three specific amounts, being attorneys' fees in the respective sums of $4,000 and $1,500 and court costs in the sum of $448.37. We hold that this charges with sufficient clarity that petitioner is guilty of three counts. The argument that he could not tell from the declaration whether he was charged with three counts or 12 counts, this being the number of installments which he is alleged not to have paid, is mistaken in that it looks to the recital of the orders made by the court, rather than to the charges that petitioner is in default.

The writ is discharged and the petitioner is remanded to the custody of the Sheriff of Los Angeles County in execution of the judgment heretofore pronounced as to Count III.

Ford, J., and Kaus, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 30, 1966.