[Civ. No. 11666.   Third Dist.   Aug. 16, 1967.]

JEWELL C. POWERS, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; ROSE POWERS, Real Party in Interest.

Victor L. Huber for Petitioner.

No appearance for Respondent.

Lopez & Kennedy and Robert Strite for Real Party in Interest.

BRAY, J.*—Petition for writ of review to annul an order of the Shasta County Superior Court adjudging petitioner

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

guilty of failure to comply with a court order that required him to pay $50 a month for the support of a minor child.[1]

## QUESTIONS PRESENTED

1. Did the court have jurisdiction to sentence defendant to imprisonment for more than five days?

2. Is the order sufficiently specific?

## RECORD

Defendant was brought into the superior court on an order to show cause why he should not be found in contempt for failing to comply with the order in a divorce decree requiring him to pay $50 a month for the support of each of his two minor children. Upon the hearing, the court found that in 1966, defendant paid the sum of $275 instead of the $600 ordered, in 1965, $415, and in 1964, $495, instead of the $600 ordered for each of those years. No contention is made as to the validity of this finding. The court then found, concerning alimony ordered to be paid: "The alimony cannot be disregarded, as this too is a valid enforceable Court Order."[2] The court's order found further that defendant had knowledge of the order for child support and alimony, and "that he had the ability to comply with those orders *in a much more substantial way than he actually did, but that he did wilfully fail to do so on at least ten separate and distinct occasions.* As punishment for such contempt, the defendant is sentenced to serve five days in the Shasta County Jail for each instance of contempt for a total of fifty (50) days."[3] (Italics added.)

1. The sentence in excess of five days.

▮ Assuming that in other respects the order was regular, the court had jurisdiction to sentence defendant to imprisonment for not exceeding five days on each violation of the support order. Section 1218 of the Code of Civil Procedure provides, in pertinent part, that where a person is adjudged in contempt "he may be imprisoned not exceeding five days." Failure, without just cause, to make the payment ordered for each month that passed would constitute a separate contempt for which the court would have the power to sentence defendant to imprisonment for a period not exceeding five days.

---

[1] The order originally ordered petitioner to pay an equal sum per month for the support of another minor who has since become self-supporting.

[2] What this means cannot be determined as no order of contempt was made concerning alimony.

[3] There is a provision to the effect that after serving 25 days if defendant "makes reasonable payments on the arrearage" the other 25 days of the sentence will be suspended.

It is well established that a decree ordering support payments is not a "debt" and the failure to comply with such order may be punished by contempt. (*Heller* v. *Heller* (1964) 230 Cal.App.2d 679, 683 [41 Cal.Rptr. 177].) Each wilful failure to pay as ordered constitutes a separate contempt. (*Martin* v. *Superior Court* (1962) 199 Cal.App.2d 730, 736-737 [18 Cal.Rptr. 773] ; *In re Toor* (1955) 131 Cal.App.2d 75, 76 [280 P.2d 79].)

2. The order is not specific.

However, the order is void because it does not specify the particular payments in default for which defendant was being sentenced. The order states that defendant is sentenced to serve five days "for each instance of contempt for a total of fifty (50) days." Mathematically, it must be concluded that the court found that defendant failed to make at least 10 support payments. But which ones, over the period of three years apparently considered by the court, do not appear.

The court lumped together the total amount of payments which should have been made in the years 1964, 1965 and 1966 and the payments that were made and then made the broad finding that he failed to pay on "at least ten separate and distinct occasions," without specifying which occasions it was selecting upon which to base the imprisonment.

"Contempt proceedings being criminal in nature must be conducted in strict compliance with the statutory procedure. Jurisdiction to make the order must affirmatively appear of record; no presumption of regularity in the proceedings applies." (*In re Bernice A. Mancini* (1963) 215 Cal.App.2d 57, 59 [29 Cal.Rptr. 798].) "An order adjudging one to be in contempt must be entered 'specifying particularly' the offense (Code Civ. Proc., § 1218.)" (*In re Joseph J. Mancini* (1963) 215 Cal.App.2d 54, 56 [29 Cal.Rptr. 796].)

The order is void in another respect in that it fails to specifically find petitioner's ability to comply with the support order. " 'A judgment of contempt must not only specify the act to be performed, it must also include a finding that such act is within the power of the contemner to perform.' " (*Martin* v. *Superior Court, supra,* 199 Cal.App.2d at p. 738, quoting from *Nutter* v. *Superior Court,* 183 Cal.App.2d 72, 75 [6 Cal.Rptr. 404].) This order merely finds that defendant had "the ability to comply . . . in a much more substantial way than he actually did."

In *In re Scroggin* (1951) 103 Cal.App.2d 281 [229 P.2d

489], the finding was that the defendant had " 'and now has the ability to make a *substantial payment* to plaintiff due her under the Interlocutory Decree.' " The reviewing court held "A finding that one has the ability to pay 'a substantial amount' is not a finding of an ability to pay" the amount ordered to be paid in the interlocutory decree. The court stated further that "Such a finding is but a conclusion and is so vague, indefinite, and uncertain as to leave wholly to conjecture the amount which petitioner has the ability to pay, and is not sufficient to support the order of commitment for contempt." (P. 283.)

The following findings on the ability of defendants to pay support amounts ordered were held to make the contempt orders in which they are found void:

*In re Michelena* (1957) 150 Cal.App.2d 377, 378 [309 P.2d 861], "[P]etitioner 'had the ability to comply with said order of court to a greater extent' "; *In re Spollino* (1962) 208 Cal.App.2d 783 [25 Cal.Rptr. 536], "he had the *partial ability* to comply with said order."

The statement in the instant order that petitioner had the ability to comply "in a much more substantial way than he actually did" is equally as indefinite as are the findings in the last three cases above mentioned.

At oral argument, the parties agreed that petitioner has served in jail five days of the period for which he was sentenced. On any redetermination of petitioner's liability for support, this fact must be taken into consideration.

As the order adjudicating contempt and imprisonment is void, it is annulled.

Pierce, P. J., and Friedman, J., concurred.