[Crim. No. 8042. Fourth Dist., Div. One. May 1, 1975.]

In re ROBERT GREEN JONES on Habeas Corpus.

**COUNSEL**

Joseph D'Addario for Petitioner.

Robert G. Berrey, County Counsel and Anthony Albers, Deputy County Counsel, for Respondent.

**OPINION**

**THE COURT,\***—Robert Green Jones petitions for writ of habeas corpus. He was found in contempt of court and sentenced to jail. This court ordered him released from jail on his own recognizance after serving nine days and issued an order to show cause.

On January 29, 1975, the San Diego County Superior Court found Jones in contempt of court for failing to obey, for four months, a court order he support his child. The court minutes state: "Respondent found guilty of 4 counts of comtept [*sic*]. Sentenced to 20 days custody 5 days each count consecutive. . . . Court finds Resp. "A" (letter) marked for I D, rec'd in evidence . . . ." That same day the court signed an "Order Remanding to Sheriff" which stated: "Respondent sentenced to five days custody on each of four counts, for a total of 20 days custody. Sentence on four counts to be served consecutively. Commitment order to follow." Jones went to jail. The court signed an "Order and Commitment for Contempt (Punitive)" February 6, after his petition for a writ of habeas

---

\*Before Brown (Gerald), P. J., Ault, J., and Cologne, J.

corpus in the superior court had been denied and after his petition for a writ had been filed in this court.

■ A valid judgment of contempt must meet strict requirements and must show facts essential to establish jurisdiction for the making of the order, the defendant's knowledge of the order, his ability to comply, and his willful disobedience (*In re Hinman*, 239 Cal.App.2d 845, 850 [49 Cal.Rptr. 162]). ■ Neither the order to the sheriff nor the court minutes quoted above are sufficient. Neither is an order which specifies the offense with particularity as required by Code of Civil Procedure section 1218 (*In re Mancini*, 215 Cal.App.2d 57, 59 [29 Cal.Rptr. 798]).[1]

The question is whether the order made eight days after defendant was committed is proper. We find it unnecessary to judge the contents of the order.

Although respondent states the February 6 order has been "entered into the records of the Superior Court," and although it bears a file stamp of the superior court, it does not appear in the superior court record. Code of Civil Procedure section 1218 requires "the conviction, specifying particularly the offense, and the judgment thereon, must be entered in the docket." The docket here is the permanent minutes of the court and the February 6 order has not been entered there.

Although the court may have been justified in committing Jones from the courtroom, the court should have signed and entered the final judgment of contempt expeditiously. Until judgment of contempt was signed and entered, Jones had nothing against which to test his commitment. The court's statement in its order to the sheriff indicates the judgment of conviction was not finalized and until then it was "but a purpose in the breast of the judge which can be changed as he may determine" (*Lind* v. *Baker*, 48 Cal.App.2d 234, 244 [119 P.2d 806]). After an adjudication of contempt, it may not be practical for the court to prepare its written judgment the instant a defendant is committed, and we make no determination when such a judgment must be signed and entered. But eight days after a defendant is jailed is *too late*.

In *Martin* v. *Superior Court*, 199 Cal.App.2d 730 [18 Cal.Rptr. 773], the trial court tried to amend an insufficient contempt order *nunc pro tunc* after the time for service of the sentence under the original order and

---

[1] We do not imply the order to the sheriff was not regular on its face and the sheriff was not under a mandatory duty to follow its command (Code Civ. Proc., § 262.1).

after a petition for writ of certiorari had been filed. The appellate court concluded the order could not be corrected in that way. "If an order, which by statute is final and conclusive, can be amended and reamended to supply vital deficiencies therein, the feet of the litigant would be standing on quicksand, without any idea when he could take effective proceedings to annul the order." (*Martin* v. *Superior Court, supra,* 199 Cal.App.2d 730, 739.)

The reasoning is applicable to this case where Jones had completed service of his sentence on one contempt charge and four-fifths of his sentence on another before anything akin to a valid order of contempt was signed by the judge. An order signed at that stage of the proceedings cannot be relied upon to supply the jurisdictional defects of previous orders.

Jones is ordered released from custody.