[No. A041530. First Dist., Div. Two. Mar. 8, 1988.]

In re ALEX EASTERBROOK on Habeas Corpus.

**1542**

**COUNSEL**

Paula W. Schlicter for Petitioner.

Thomas F. Casey III, County Counsel, George A. Miram and Brenda E. Burns, Deputy County Counsel, for Respondent.

**OPINION**

**THE COURT.\***—Petitioner, Alex Easterbrook, seeks by way of habeas corpus to set aside respondent court's order finding petitioner in contempt and sentencing him to five days in jail.

Petitioner is the appointed counsel for Finas Winston Sturns, Jr., a criminal defendant whose case is currently being tried in San Mateo County Superior Court. On February 29, 1988, Sturns made a *Marsden* motion seeking to obtain new counsel, which respondent court denied.[1] Sturns also made a *Faretta* motion to represent himself, which he later withdrew.[2]

---

\* Before Rouse, Acting P. J., Smith, J., and Benson, J.

[1] See *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

[2] See *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].

On February 29, 1988, Sturns filed a civil complaint for malpractice against petitioner in San Mateo County Superior Court. The complaint alleges that petitioner failed to seek writ relief in this court after the denial of Sturns's Penal Code section 995 motion; failed to file various pretrial motions—including motions to suppress evidence, to interview prosecution witnesses, to allow access to the law library, to obtain cocounsel status, to declare a conflict between Sturns and the San Mateo County Private Public Defenders Program; and took a position antagonistic to petitioner's defense. The complaint seeks relief in the sum of $500,000 in damages.[3]

On March 1, 1988, petitioner informed respondent court that Sturns was suing him for malpractice and made a motion to withdraw. A hearing was held outside the presence of the jury and Sturns stated that he wanted another attorney to represent him. Respondent court noted that "this has occurred in more than one case in this court, and it's a delaying tactic that's being used." The court then denied petitioner's motion to be relieved and instructed him to proceed with the criminal trial which was within 15 minutes of the end of testimony. Petitioner refused and was held in contempt and ordered to serve five days in jail. Respondent court stayed trial in the criminal action until March 14, 1988. This petition followed. We stayed the contempt order, requested opposition, and notified the parties that we might issue a peremptory writ in the first instance.

Petitioner contends that the filing of the civil complaint created a conflict of interest which prevents him from continuing to represent Sturns. By declaration, petitioner asserts that although he believes that he would be able to proceed with the defense of Sturns in the criminal action and do so in a competent and professional manner, he is unable to completely discount any effect of a pending malpractice action against him on the same matter he is being required to defend.

In this case, we are faced with the difficult task of attempting to balance competing rights and interests. We are also mindful that a court has the power to control the proceedings before it (Code Civ. Proc., § 128)[4] and the obligation to follow the mandate of the Legislature that criminal proceedings be "determined at the earliest possible time." (Pen. Code, § 1050, subd. (a).)

---

[3] We take judicial notice that Sturns's complaint is substantially similar to a complaint filed by another San Mateo County criminal defendant against his appointed attorney, Douglas J. Gray. Gray was also held in contempt and there is currently pending before Division Four of this court a petition for writ of habeas corpus which involves similar facts. (See *In re Douglas J. Gray on Habeas Corpus,* A041342.)

[4] Code of Civil Procedure, section 128, has been applied to criminal as well as civil cases. (See *People* v. *Superior Court (Greer)* (1977) 19 Cal.3d 255, 261, fn. 4 [137 Cal.Rptr. 476, 561 P.2d 1164].)

■ Our review of the civil complaint leads us to the conclusion that the complaint, on its face, fails to state a cause of action for legal malpractice. A cause of action for legal malpractice accrues when the client suffers "appreciable and actual harm as a result of the malpractice. [Citations.]" (*Robinson* v. *McGinn* (1987) 195 Cal.App.3d 66, 72 [240 Cal.Rptr. 423].) This theory was first articulated in *Budd* v. *Nixen* (1971) 6 Cal.3d 195, 201 [98 Cal.Rptr. 849, 491 P.2d 433], where the court noted that a client may "discover his attorney's negligence without having suffered any consequential damage." The court went on to observe, "If the allegedly negligent conduct does not cause damage, it generates no cause of action in tort. [Citation.] The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence. [Citations.] Hence, until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice." (*Id.,* at p. 200.)

The civil complaint at issue herein is devoid of any showing of actual harm incurred by Sturns. The complaint merely recites instances of petitioner's allegedly negligent conduct in handling Sturns's criminal case and then summarily concludes with a prayer for damages in the amount of $500,000. ■ However, damages may not be based upon sheer speculation or surmise, and the mere possibility or even probability that damage will result from wrongful conduct does not render it actionable. (*Ventura County Humane Society* v. *Holloway* (1974) 40 Cal.App.3d 897, 907 [115 Cal.Rptr. 464].) Here, there has been no verdict in the criminal case and Sturns has, at most, suffered only speculative harm which does not suffice to create a cause of action for negligence. ■ Accordingly, we hold that the civil complaint fails to state a cause of action for legal malpractice and order it stricken pursuant to section 436, subdivision (b), of the Code of Civil Procedure. (See *Lodi* v. *Lodi* (1985) 173 Cal.App.3d 628, 631 [219 Cal.Rptr. 116].)

■ We turn now to the finding of contempt. Section 1211 of the Code of Civil Procedure provides that "When a contempt is committed in the immediate view and presence of the court, or of the judge at chambers, it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed." While it may not be practical for the court to prepare a written judgment of contempt the instant it orally pronounces its finding, it must do so expeditiously. (*In re Jones* (1975) 47 Cal.App.3d 879, 881 [120 Cal.Rptr. 914] [where a written contempt order filed eight days after the oral order was considered too late].)

In this case, the original record presented to this court contained no written order of contempt. After an inquiry by this court of counsel for petitioner whether an order existed, a written order was apparently belatedly prepared and signed on March 7, 1988. We find the order untimely and order it set aside.

We have concluded that an order to show cause would add little to the presentation already made and that the writ should issue forthwith. (See *In re Noland* (1978) 78 Cal.App.3d 161, 166 [144 Cal.Rptr. 111].) Respondent court is directed to vacate its contempt order and is forever restrained from enforcing the order and jail term imposed thereon. The stay previously imposed will be dissolved as moot upon finality of this opinion. To facilitate the relief requested, this opinion is final forthwith. (Cal. Rules of Court, rule 24(d).)