[No. B122465. Second Dist., Div. Five. Apr. 16, 1999.]

SIDNEY MARSHAK, Plaintiff and Appellant, v.
EMMA H. BALLESTEROS, Defendant and Respondent.

COUNSEL

Martin Louis Stanley; and Theodore A. Cohen for Plaintiff and Appellant.

Fields & Fields and Howard M. Fields for Defendant and Respondent.

OPINION

ARMSTRONG, J.—Plaintiff Sidney Marshak appeals the entry of summary judgment in favor of defendant Emma H. Ballesteros in this attorney malpractice action. Finding no error, we affirm the judgment.

FACTS

In the fall of 1993, defendant undertook to represent plaintiff in the dissolution of his 24-year marriage. On June 9, 1994, the court conducted a mandatory settlement conference, at which plaintiff and his ex-wife stipulated in open court to a settlement of the dissolution action. The settlement terms dealt with issues of attorney fees, restraining orders, and distribution of property. Significantly, plaintiff was relieved of any continuing support obligation.

Plaintiff almost immediately denied that he had agreed to the settlement. Three days after entry of the stipulated judgment, plaintiff, in propria persona, filed a motion to set aside the judgment. That motion was denied, and the order denying the motion was affirmed on appeal (*In re Marriage of Marshak* (June 17, 1996) B086479 [nonpub. opn.]).

Plaintiff then sued defendant,[1] claiming that she negligently failed to "object" to the overvaluation of the accounts receivable from plaintiff's medical practice, which was charged to plaintiff, and to the undervaluation of the marital residence, which was awarded to plaintiff's ex-wife, which together resulted in a loss to him of $337,000.[2] Thus, the gravamen of plaintiff's complaint is that defendant advised him to settle the marital dissolution action for "less than the case was worth."

Defendant moved for summary judgment of the single cause of action. Although the success of plaintiff's complaint depended upon his establishing

---

[1]Plaintiff also sued his prior counsel, Fred Silberberg, for negligence in handling other aspects of the dissolution proceeding. An appeal of the summary judgment granted in that action is pending in Division One of this Court of Appeal.

[2]Plaintiff also sought to recover $250,000 in emotional distress damages.

the undervaluation of the family residence and the overvaluation of the accounts receivable, plaintiff presented no competent evidence on either of these issues. Rather, he submitted his declaration, in which he stated: "Defendant Ballesteros was negligent because she urged Dr. Marshak to settle his case knowing that his house was worth at least $895,000 based on a comparative sale one month earlier, while accepting Mrs. Marshak's figures that the house was worth only $600,000," and "Defendant Ballesteros never told Dr. Marshak that his motion for modification would not be successful if the records of the Marshak Medical Clinic were not produced." Plaintiff also submitted the declaration of his attorney, Theodore A. Cohen, who opined that defendant was negligent in October 1993 when, in seeking a modification of a pendent lite support order, she "should have prepared a declaration of Mr. Snyder (plaintiff's long-time friend and an accountant) setting forth his expertise, experience, knowledge of Dr. Marshak's records and his opinion of Dr. Marshak's income."

The trial court granted the summary judgment motion, finding that there were no triable issues of material fact. Plaintiff challenges this finding on appeal.

## STANDARD OF REVIEW

In reviewing a grant of summary judgment, this court determines de novo whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The trial court's determination is accorded no deference. (*Worton* v. *Worton* (1991) 234 Cal.App.3d 1638, 1646 [286 Cal.Rptr. 410].) However, we review the ruling, not its rationale. (*Aaitui* v. *Grande Properties* (1994) 29 Cal.App.4th 1369, 1373 [35 Cal.Rptr.2d 123]; *Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].) Accordingly, if the trial court's decision is correct on any legal theory, the judgment will be affirmed.

In conducting our review, the complaint "measures the materiality of the facts tendered in a defendant's challenge to the plaintiff's cause of action." (*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 381 [282 Cal.Rptr. 508].) "[T]he function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings." (*Orange County Air Pollution Control Dist.* v. *Superior Court* (1972) 27 Cal.App.3d 109, 113 [103 Cal.Rptr. 410].) In this regard, the court construes the moving party's affidavits strictly, construes the opposing affidavits liberally, and resolves any doubt about the propriety of granting the motion in favor of the party opposing it. (*Diep* v. *California Fair Plan Assn.* (1993) 15 Cal.App.4th 1205, 1207 [19 Cal.Rptr.2d 591].)

■ On a defendant's motion for summary judgment, the defendant's burden is to establish a complete defense or to negate each of the plaintiff's theories of recovery, and to thus establish that the action is without merit. A defendant meets this burden by showing that one or more elements of the cause of action cannot be established. Once the defendant has met that burden, the burden is on the plaintiff to show that a triable issue of fact exists. (Code Civ. Proc., § 437c, subd. (o); *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573 [37 Cal.Rptr.2d 653].) "A cause of action 'cannot be established' if the undisputed facts presented by the defendant prove the contrary of the plaintiff's allegations as a matter of law." (*Brantley* v. *Pisaro* (1996) 42 Cal.App.4th 1591, 1597 [50 Cal.Rptr.2d 431].)

## DISCUSSION

■ Defendant argued on summary judgment that, as a matter of law, plaintiff cannot establish that he suffered any damages as a result of her alleged malpractice. The case law firmly supports defendant's position.

In order to prevail in his legal malpractice action, plaintiff must prove that the dissolution action would have resulted in a better outcome had defendant recommended that he reject the settlement offer. Plaintiff must prove what that better outcome would have been. "It is not enough for [plaintiff] to simply allege it was possible, with the right evidence, to establish a community property interest. '[T]he mere probability that a certain event would have happened, upon which a claim for damages is predicated, will not support the claim or furnish the foundation of an action for such damages.' (*McGregor* v. *Wright* (1931) 117 Cal.App. 186, 197 [3 P.2d 624].)" (*Sukoff* v. *Lemkin* (1988) 202 Cal.App.3d 740, 746-747 [249 Cal.Rptr. 42].) "Damage to be subject to a proper award must be such as follows the act complained of as a *legal certainty*." (*Agnew* v. *Parks* (1959) 172 Cal.App.2d 756, 768 [343 P.2d 118], italics added.)

In *Thompson* v. *Halvonik* (1995) 36 Cal.App.4th 657 [43 Cal.Rptr.2d 142], the plaintiff claimed that Attorney Halvonik's bungling of a lawsuit, combined with delay in prosecuting a medical malpractice case, resulted in a settlement that was less favorable than it would have been with diligent prosecution. The Court of Appeal affirmed the summary judgment in favor of the attorneys. Although the court concluded that there were triable factual issues as to whether the attorneys' handling of the underlying matter fell below the standard of care, the court concluded that summary judgment was proper because of the absence of evidence of damages resulting from the alleged malpractice. In so doing, the court discussed years of established law in California dealing with legal malpractice. The court stated: "Unless a

party suffers damage, i.e., appreciable and actual harm, as a consequence of his attorney's negligence, he cannot establish a cause of action for malpractice. Breach of duty causing only speculative harm is insufficient to create such a cause of action. (*Budd* v. *Nixen* [(1971)] 6 Cal.3d [195,] 200 [98 Cal.Rptr. 849, 491 P.2d 433].) '[D]amages may not be based upon sheer speculation or surmise, and the mere possibility or even probability that damage will result from wrongful conduct does not render it actionable. [Citation.]' (*In re Easterbrook* (1988) 200 Cal.App.3d 1541, 1544 [244 Cal.Rptr. 652] [disapproved on other grounds in *People* v. *Romero* (1994) 8 Cal.4th 728, 744, fn. 10 [35 Cal.Rptr.2d 270, 883 P.2d 388]].) Neither appellant's complaint nor his documentation opposing respondents' motion for summary judgment state[s] any facts demonstrating actual damage resulting from respondents' delay in handling the underlying action." (*Thompson* v. *Halvonik, supra*, 36 Cal.App.4th at pp. 661-662; see also *Campbell* v. *Magana* (1960) 184 Cal.App.2d 751, 758 [8 Cal.Rptr. 32]; *Williams* v. *Wraxall* (1995) 33 Cal.App.4th 120, 130-131 [39 Cal.Rptr.2d 658].)

Here, plaintiff simply alleges that the case was worth more than he settled it for. He proffered no evidence to establish the value of his case, other than his own declaration that the family residence was worth more, and the accounts receivable were worth less, than they were valued at for the purposes of settlement. Even if he were able to prove this, however, he would not prevail. For he must *also* prove that his ex-wife would have settled for less than she did, or that, following trial, a judge would have entered judgment more favorable than that to which he stipulated. Plaintiff has not even intimated how he would establish one or the other of these results with the certainty required to permit an award of damages.

## DISPOSITION

The judgment is affirmed.

Grignon, Acting P. J., and Godoy Perez, J., concurred.