**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PROSKAUER ROSE, LLP, a New York limited liability partnership,<br><br>    Plaintiff-counter-defendant-Appellee,<br><br>  v.<br><br>BLIX STREET RECORDS, INC., a Washington corporation; et al.,<br><br>    Defendants-counter-plaintiffs-Appellants,<br><br>  v.<br><br>BERT DEIXLER,<br><br>    Third-party-defendant-Appellee. | No. 07-56463<br><br>D.C. No. CV-06-04040-GW<br><br><br>MEMORANDUM [*] |
| PROSKAUER ROSE, LLP, a New York limited liability partnership,<br><br>    Plaintiff-counter-defendant-Appellee,<br><br>  v.<br><br>BLIX STREET RECORDS, INC., a | No. 08-55794<br><br>D.C. No. 2:06-cv-04040-GW-VBK |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Washington corporation; et al.,

   Defendants-counter-claim-3rd-party-
plaintiffs-Appellants.

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 3, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

In these consolidated appeals, Blix Street Records, Inc. ("Blix Street Records") and its sole shareholder, William Straw, appeal the grant of summary judgment in No. 07-56463 and jury verdict awarding fees in favor of Proskauer Rose LLP ("Proskauer") and Bert Deixler in No. 08-55794. We have jurisdiction pursuant to 29 U.S.C. § 1291. We affirm.

**1.** The district court correctly held that Straw lacks standing. *See Pareto v. FDIC*, 139 F.3d 696, 699-700 (9th Cir. 1998). Straw was a cross-defendant in the underlying lawsuit. Because Straw was successful in defending against the plaintiffs' claims against him individually, obtaining a complete release of the plaintiffs' claims without paying any money, Straw as an individual did not have any damages resulting from Proskauer's alleged malpractice. Straw, as an

2

individual shareholder of Blix Street Records, also lacks standing to complain of injury to the corporation. That the value of Straw's shares may have been diminished is insufficient to demonstrate standing. *Id*. Nor does the fact of Straw's personal liability to Proskauer for fees create standing to assert a malpractice claim.

**2.** The district court correctly granted summary judgment in favor of Proskauer and Deixler on Blix Street Records' malpractice claim.[1] Deixler, a partner of Proskauer, represented Blix Street Records and Straw in a dispute arising from a 1997 licensing agreement between Blix Street Records and the parents of late recording artist Eva Cassidy (the "Cassidys"). That dispute, which the parties ultimately settled, involved a charge that Blix Street Records fraudulently concealed royalty payments it owed to the Cassidys by misrepresenting a license agreement with a third party to be a distribution agreement. Blix Street Records now asserts that Deixler breached his duty of care by coercing Straw to settle that case after the third party produced a Blix Street Records tax record that supported the Cassidys' position that the third party

---

[1] We grant Appellants' Requests for Judicial Notice, filed on March 12, 2008, and December 15, 2009, respectively. We also grant Appellees' Request for Judicial Notice, filed on April 23, 2008.

arrangement was a license agreement, for which Blix Street Records owed the Cassidys additional royalty payments. During the resulting reopening of Straw's deposition, moreover, Straw testified that the income reflected in the tax record was for a licensing—not distribution—agreement. Following the discovery of the tax record and Straw's deposition testimony, Deixler informed Straw that he no longer believed that Blix Street Records had a strong case. The district court correctly held that this was not a breach of the duty of care that would rise to the level of malpractice. *See Dawson v. Toledano*, 109 Cal. App. 4th 387, 397 (Ct. App. 2003).

The district court also correctly held that Deixler did not breach his duty of care when he told Straw, based on the new evidence and testimony, that he did not "relish" going to trial. *Cf. People v. Castillo*, 233 Cal. App. 3d 36, 59-60 (Ct. App. 1991) (noting that the mere desire not to go to trial for pecuniary reasons cannot constitute an attorney conflict of interest).

The district court properly awarded summary judgment to Proskauer. Although a factual dispute exists as to whether certain advice given by Deixler and Deixler's refusal to follow Straw's instructions were each appropriate, Blix Street Records failed to establish the elements of causation and damages critical to a malpractice claim. *See Viner v. Sweet*, 30 Cal. 4th 1232, 1241 (2003). Blix Street

4

Records failed to "establish that *but for* [Deixler's] negligence . . . [Blix Street Records] would have obtained a more favorable judgment or settlement in the action in which the malpractice allegedly occurred." *Id.* Blix Street Records points to no evidence demonstrating that it is more likely than not the Cassidys would have settled on more favorable terms but for Deixler's alleged negligence. *Marshak v. Ballesteros*, 72 Cal. App. 4th 1514, 1518 (Ct. App. 1999).

**3.** The district court did not abuse its discretion in denying Blix Street Records' Rule 56(f) request for additional discovery. *Natural Res. Def. Council v. Houston*, 146 F.3d 1118, 1132-33 (9th Cir. 1998). None of the additional discovery requests related to the elements of causation and damages. Therefore, Blix Street Records failed to "show how allowing additional discovery would have precluded summary judgment." *Id.* at 1133.

**4.** The district court did not abuse its discretion in denying Blix Street Records' motion for leave to assert a breach of contract claim after the judgment was entered. *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). "[A]fter final judgment has been entered, a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60." *Id.* Blix Street Records failed to move to reopen under Rule 60, and as explained below, the district court did not err in denying Blix Street Records' Rule 59(e) motion.

5

**5.** Nor did the district court abuse its discretion in denying Blix Street Records' Rule 59(e) motion to alter, amend, or vacate the judgment. *See Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Blix Street Records' claim that Proskauer had a conflict of interest during the mediation because it had wrongfully failed to produce documents Blix Street Records had provided, in the district court's words, "requires a leap of fancy" to support a conspiracy to induce Blix Street Records into a disadvantageous settlement. Moreover, Blix Street Records could not even identify which documents Proskauer supposedly failed to produce.

**6.** Because we affirm the award of summary judgment in favor of Proskauer, we also affirm the subsequent award of fees and interest to the firm.

**AFFIRMED.**