[Crim. No. 3549. Fifth Dist. Mar. 1, 1978.]

In re DAVID DALE NOLAND on Habeas Corpus.

■■■■■■■■■■■■■■■■■■

### COUNSEL

Catherine S. Bailey for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Patrick A. McAravy, Deputy Attorneys General, for Respondent.

### OPINION

**BROWN (G. A.), P. J.**—Petitioner seeks a writ of habeas corpus granting appropriate relief from a provision of an agreement to appear for trial in the Madera County Superior Court dated December 9, 1977, requiring petitioner to report to jail on February 17, 1978, unless prior to that date he had posted bail in the amount of $1,000.

### FACTS

On November 4, 1977, an agreement to appear executed by petitioner was filed in the Justice Court for the Madera Judicial District. The agreement provides in relevant part that petitioner would appear for a preliminary hearing on November 25, 1977, "and at all times and places as ordered by the court releasing [him] and as ordered by any court in which, or magistrate before whom, the charge is subsequently pending..." and that any court of competent jurisdiction may revoke the release and either return petitioner to custody or require bail as provided in the Penal Code.

On November 25, 1977, petitioner was held to answer in the superior court for several felony charges; he was allowed to continue at liberty on his own recognizance.

On December 9, 1977, petitioner was arraigned in the Madera County Superior Court (hereinafter the court) on a felony information and entered a plea of not guilty. The cause was set for jury trial on February 27, 1978. The court informed petitioner that in order to remain at liberty on his own recognizance pending trial he would be required to execute a new agreement to appear. The court stated, "One further requirement is

■■■■■■■■■■

this: Because so many of the Defendants have failed to appear for the trial, you would have to report to the jail ten days in advance of the trial date." The court explained that the agreement was to terminate ten days before trial because defendants in the past have failed to appear at trial, resulting in great cost to the county and inconvenience to the jurors. The court set bail at $1,000 and stated that petitioner need not report to jail if he posted bail at any time prior to February 17, 1978.

On December 9, 1977, petitioner executed an agreement to appear for trial on February 27, 1978. This agreement contains the following handwritten notation: "Defendant must report to Jail on *2-17-78* if Bail of $1,000.00 not posted."

## DISCUSSION

■■■ The statutory scheme for the release of a criminal defendant upon his own recognizance contemplates that a release once properly granted remains effective throughout all subsequent proceedings in any court unless the release is earlier revoked. (See Pen. Code, §§ 1318-1318.6.) Thus, a release properly granted by a magistrate remains in effect while the cause is pending trial in the superior court unless and until it is properly revoked by the superior court.

■■■ Penal Code section 1318.6 addresses the subject matter of the revocation of a previously granted release. The statute provides in substance that a previously granted release may be revoked only upon a finding therein prescribed made in open court.[1]

Former section 1318.6 vested the court in which the cause is pending with discretion to revoke a prior release.[2] The statute was amended in

---

[1]Section 1318.6 provides: "After a defendant has been released pursuant to this article, the court in which the charge is pending may require that the defendant either give bail in an amount specified by it or other security as elsewhere provided in this chapter upon a finding, made in open court that the defendant has failed to appear or has violated any condition of the order releasing him on his own recognizance, or that there has been a change of circumstances which increases the risk of failure to appear, or that additional facts have been presented which were not shown at the time of the original order releasing the defendant on his own recognizance. The court may order that the defendant be committed to actual custody unless he gives such bail or gives such other security."

Although section 1318.6 does not expressly refer to the revocation of a prior release, an order that the defendant give bail or be committed to custody is, in substance, the revocation of a previously granted release on his recognizance.

[2]Prior to its amendment in 1974, section 1318.6 provided: "After a defendant has been released pursuant to this article, the court in which the charge is pending may, in its

1974 to require a prescribed finding in open court before revocation of a prior release. ■ The obvious legislative intent of the amendment was to limit the court's discretion by specifying the grounds upon which a prior release may properly be revoked. The statutory requirement that a finding be made in open court is central to the legislative purpose; it serves to assure that a release is not revoked for improper reasons and to facilitate meaningful appellate review. (See *In re Podesto* (1976) 15 Cal.3d 921, 937-938 [127 Cal.Rptr. 97, 544 P.2d 1297].)

■■ We hold that the finding prescribed by section 1318.6 is a mandatory condition precedent to the lawful revocation of a prior release; a release properly granted by any court or magistrate remains effective until such a finding has been made by the court in which the cause is then pending.[3]

The court did not make the required finding on December 9, 1977. Therefore, it lacked authority to set bail or order petitioner to jail.[4] If termination of the agreement to appear on February 17 is viewed as a revocation of release on that date, the court was without authority to do so. Since petitioner's original release was not lawfully revoked, he had a right to remain at liberty on his own recognizance after December 9, 1977. The court abused its discretion when it required petitioner to agree to report to jail or post bail—conditions totally inconsistent with a right to remain at liberty without bail.

■ Respondent contends that the court had authority to order petitioner to jail pursuant to the terms of the November 4 agreement

discretion, require that the defendant either give bail in an amount specified by it or other security as elsewhere provided in this chapter. The court may order that the defendant be committed to actual custody unless he gives such bail or gives such other security."

[3]We need not address respondent's contention that changed circumstances existed on December 9, 1977; the required finding was not made.

[4]It does not appear that on December 9 petitioner was actually ordered to report to jail; he was, however, required to agree to do so upon an implied threat that he would not remain at liberty if he refused to execute such an agreement.

Respondent contends that the practice of releasing defendants· who are a marginal security risk upon condition that they post·bail within 10 days of trial is a reasonable compromise between total release and custody which allows the defendant time to raise his bail money and prevents needless trial delay and inconvenience to jurors. The court in which the cause is pending does not have authority to require bail until the defendant's release upon his own recognizance has been lawfully revoked.· Here, the court never acquired such authority and, therefore, could not require that bail be given at a future time.

wherein petitioner promised to appear as ordered by any court. This provision is expressly authorized by Penal Code section 1318.4, subdivision (a).[5]

The language of subdivision (a) is broad enough to include an order that the defendant report to jail. However, subdivision (a) is a general provision which must yield to subdivision (c) of section 1318.4 and section 1318.6 which specifically address the subject matter of an order directing that the defendant be remanded to custody; the specific statutes authorize such an order only after the finding therein specified has been made in open court. Thus, custody orders are outside the scope of subdivision (a). Since the relevant agreement provision is expressly authorized by subdivision (a), we construe it to also exclude custody orders.

Petitioner is entitled to appropriate relief. (See *In re Smiley* (1967) 66 Cal.2d 606, 614 [58 Cal.Rptr. 579, 427 P.2d 179].) Respondent has made clear its position in opposition to the petition. We have concluded that an order to show cause would add little to the presentation already made and the writ should issue forthwith. (See *In re Siegel* (1975) 45 Cal.App.3d 843, 845 [120 Cal.Rptr. 8].)

Let a writ of habeas corpus issue directing the Madera County Superior Court to set aside its order setting bail in action No. 4556 and restraining said court from enforcing the agreement to appear dated December 9, 1977, insofar as said agreement required David Noland to report to jail or post bail in the amount of $1,000 by February 17, 1978.

---

[5]Section 1318.4 provides:

"To be released on his own recognizance the defendant shall file with the clerk of the court in which the magistrate or judge is presiding an agreement in writing duly executed by him, in which he agrees that:

"(a) He will appear at all times and places as ordered by the court or magistrate releasing him and as ordered by any court in which, or any magistrate before whom, the charge is subsequently pending.

"(b) If he fails to so appear and is apprehended outside of the State of California, he waives extradition.

"(c) Any court or magistrate of competent jurisdiction may revoke the order of release and either return him to custody or require that he give bail or other assurance of his appearance as elsewhere provided by this chapter, upon a finding made in open court that he has failed to appear or has violated any condition of the order releasing him on his own recognizance, or that there has been a change of circumstances which increases the risk of failure to appear, or that additional facts have been presented which were not shown at the time of the original order releasing him on his own recognizance."

The stay order heretofore issued by this court on February 10, 1978, shall remain in effect until this decision is final in all courts or the Supreme Court grants a hearing herein, whichever shall first occur.

Franson, J., and Hopper, J., concurred.