[No. B180960. Second Dist., Div. Two. Mar. 1, 2005.]

In re BARRY ANNIS, on Habeas Corpus.

COUNSEL

Law Office of Michael L. Thornburg and Michael L. Thornburg for Petitioner Barry Annis.

No appearance for Respondent Superior Court.

Steve Cooley, District Attorney, Patrick D. Moran and Brent Riggs, Deputy District Attorneys, for Real Party in Interest the People.

OPINION

**BOREN, P. J.—**

## INTRODUCTION

This petition for writ of habeas corpus was filed after the superior court arraigned petitioner on a felony information and revoked petitioner's release on his own recognizance (OR) in a pending felony probation violation case. We deny the petition.

## PROCEDURAL AND FACTUAL BACKGROUND

Petitioner Barry Annis is the defendant in two criminal cases pending in the Los Angeles Superior Court. The first is case No. LA042277 (the probation case) in which petitioner was placed on three years' felony probation after conviction of willful evasion of a police officer, in violation of Vehicle Code section 2800.2, subdivision (a). This offense was alleged to have occurred on January 18, 2003. The second is case No. LA047357 (the new case) which is now pending trial on two counts of felony possession for sale of controlled substances in violation, respectively, of Health and Safety Code section 11351 (cocaine) and section 11378 (methamphetamine). Petitioner was also originally charged with felony possession of a controlled

substance in violation of Health and Safety Code section 11350, subdivision (a) (cocaine base). These three offenses were alleged to have occurred on October 27, 2004.

Petitioner was arraigned on the felony complaint in the new case on November 18, 2004. Petitioner entered pleas of not guilty and asked that the new case be set for preliminary hearing. Defense counsel urged that bail "should stand as posted" at $30,000. Counsel also stated that arresting police officers "knew about the probation violation," that petitioner had "been doing well on his probation, other than this incident," and that petitioner was "a life-long resident of Los Angeles." The prosecuting attorney presented no information or objection aside from asking that "bail . . . [be set] at the presumptive level" of $85,000.

The parties had stipulated to the arraigning magistrate, Commissioner Thomas E. Grodin, as a temporary judge, and the commissioner summarily revoked petitioner's probation. The court left bail at $30,000 on the new case and scheduled it for preliminary hearing in division 122 on December 10, 2004. Without further hearing, the court released petitioner on OR in the probation case and ordered the probation violation hearing also be set for December 10, 2004, in division 122. Neither the reporter's transcript nor the court minutes indicate that the court had the probation file or an OR investigation report, that petitioner executed a written OR release agreement, or that conditions of petitioner's release on OR were set. But the minute order states, "No written release is necessary. Defendant is not in custody." Although the prosecutor stated that he "wanted to make a record," he did not otherwise do so, and no objection to the OR release was recorded.

Apparently on December 10, 2004, both matters were continued. On January 11, 2005, the preliminary hearing in the new case was conducted. The arresting officer testified that he had conducted an investigation of petitioner and searched petitioner's residence at 11110 Cohasset Avenue. As the result of the search, the officer discovered a "large amount of narcotics," specifically 100.57 grams of methamphetamine and 19.46 grams of cocaine. He also discovered a box containing pay-and-owe sheets, a measuring scale, and narcotic paraphernalia (e.g., glass cocaine pipes) in petitioner's rented residence. Petitioner admitted his ownership of the drugs to the officer.

The preliminary hearing magistrate (Judge Jessica Silvers) held petitioner to answer on the first two counts in the complaint, possession for sale of cocaine and of methamphetamine, but dismissed the third count (possession of cocaine base) on the ground of insufficiency of evidence. The case was set for arraignment on the information in department NWN on January 25, 2005. The court ordered bail "to stand" at $30,000. The minute order states "[b]ond

to remain. Bond transferred to superior court." Judge Silvers also set the probation violation case for the "same date." The reporter's transcript does not indicate that the court mentioned or discussed the OR status of the probation case. A minute order for the probation violation case states "defendant remains on own recognizance."

On January 25, 2005, petitioner was arraigned in department NWN on the felony information in the new case. The trial court (Judge John Fisher) reviewed petitioner's bail and OR status. The court focused on the presumptive bail level, petitioner's criminal record, and petitioner's violation of probation. Petitioner's counsel focused on the fact that two previous judges had left bail at $30,000 and that petitioner had made his appearances.

The court ordered bail to remain as previously set in the new case, but, as to the probation violation case, the court ordered probation to remain summarily revoked and revoked petitioner's OR status. In the probation violation case, the court further ordered that petitioner's bail be "set at no bail." The court placed the case on second call and later conducted a hearing on petitioner's motion to reduce bail (i.e., to set bail in the probation case similar to the bail on the new case.) The court denied the motion and remanded petitioner into custody. Both cases have been scheduled for further proceedings on March 3, 2005, in the same department.

Petitioner thereupon filed in this court a petition for writ of habeas corpus, contending that Judge Fisher did not have the authority to revoke petitioner's OR status under the circumstances presented here.[1] Petitioner relies principally on *In re Alberto* (2002) 102 Cal.App.4th 421 [125 Cal.Rptr.2d 526] (*Alberto*). We issued an order to show cause (OSC) and, after the return, a reply, and a response were filed, held the OSC hearing on February 17, 2005.

## DISCUSSION

■ The California Constitution, article 1, section 12, subdivision (c), provides in part: "A person may be released on his or her own recognizance in the court's discretion." The Penal Code sets forth the procedures that apply to a defendant's release on OR. (Pen. Code § 1318 et seq.)[2] To be released on OR a defendant must first file a signed release agreement, which includes a promise to appear and a promise to obey all reasonable conditions that the

---

[1] The petition is somewhat confusing because it states that the trial court exceeded its authority by improperly revoking bail without a showing of good cause. In fact, the court did not revoke bail but revoked petitioner's OR status and denied petitioner's motion to set bail in the probation violation case. Nonetheless, petitioner's claim of error is sufficiently apparent for our review.

[2] All further statutory references are to the Penal Code unless otherwise stated.

"court or magistrate" imposes with respect to the OR. (§ 1318.) By the agreement the defendant also promises not to leave California without permission and waives extradition if there is a failure to appear. (§ 1318.)

The legislative scheme also provides for an investigative staff, if approved by the board of supervisors, that would recommend to the court "whether a defendant should be released on his or her own recognizance." (§ 1318.1, subd. (a).) After investigation, the recommending report shall verify the defendant's outstanding warrants, prior failures to appear, criminal record, and the defendant's residence during the past year. (§ 1318.1, subd. (b).)

■ Section 1319.5 provides that when a person is arrested "for a new offense" while that person is currently on felony probation or felony parole, that defendant may not be released on OR "until a hearing is held in open court before the magistrate or judge." (§ 1319.5, subd. (a).) If an OR release is denied, "a court or magistrate" must "make[] a finding on the record . . . that an [OR] release will compromise public safety or will not reasonably assure the appearance of the defendant as required." (§ 1270.)[3]

■ A hold may be placed on a defendant who is on probation or parole. Such a defendant is not then entitled to release on bail, even if the criminal charge triggering the hold is a bailable offense. (*In re Law* (1973) 10 Cal.3d 21, 26 [109 Cal.Rptr. 573, 513 P.2d 621].)

■ When a defendant on bail appears for arraignment on an information or indictment, the court may order an increase in the amount of bail. If the defendant is unable to post the increased amount, the court may commit the defendant into custody. (§ 985.) The court is not required to show "good cause" for the increase. (*People v. Norman* (1967) 252 Cal.App.2d 381, 398 [60 Cal.Rptr. 609].) However, once a defendant has been admitted to bail on the indictment or information, the court may increase or decrease the amount

---

[3] Special procedures, not applicable here, are also provided where the defendant has been "arrested for a violent felony, as described in subdivision (c) of Section 667.5. . . ." (§ 1319, subd. (a).) Such a defendant is not to be released on OR "where it appears, by clear and convincing evidence, that he or she previously has been charged with a felony offense and has willfully and without excuse from the court failed to appear in court as required while that charge was pending. In all other cases, in making the determination as to whether or not to grant release under this section, the court shall consider all of the following: (1) The existence of any outstanding felony warrants on the defendant. (2) Any other information presented in the report prepared pursuant to Section 1318.1. . . . (3) Any other information presented by the prosecuting attorney." (§ 1319, subd. (b).) Subdivision (c) of section 1319 requires that, within the 48-hour period following a defendant's arrest (see section 825), any "judge or magistrate" who grants or denies the release of a defendant charged with a violent felony shall state the reasons for the decision on the record and include these in the minutes of the court proceedings.

of bail only upon a showing of good cause or a change in circumstances. (§ 1289; *Alberto, supra,* 102 Cal.App.4th at p. 430; *In re Berman* (1930) 105 Cal.App. 270, 271–273 [287 P. 373].)

In *Alberto, supra,* 102 Cal.App.4th 421, one superior court judge had modified bail by increasing it from $35,000 to $1,035,000 on the belief that the judge who had set bail at the time of the arraignment on the information had failed to comply with the statute. The Court of Appeal noted that a court generally has the inherent power to correct its mistakes. However, the court stated, "Different policy considerations . . . are operative if the reconsideration is accomplished by a different judge. Accordingly, the general rule is just the opposite: the power of one judge to vacate an order made by another judge is limited. (*Greene v. State Farm Fire & Casualty Co.* (1990) 224 Cal.App.3d 1583, 1588 [274 Cal.Rptr. 736] (*Greene*).) This principle is founded on the inherent difference between a judge and a court and is designed to ensure the orderly administration of justice. 'If the rule were otherwise, it would be only a matter of days until we would have a rule of man rather than a rule of law. To affirm the action taken in this case would lead directly to forum shopping, since if one judge should deny relief, defendants would try another and another judge until finally they found one who would grant what they were seeking. Such a procedure would instantly breed lack of confidence in the integrity of the courts.' (*People v. Superior Court (Scofield)* (1967) 249 Cal.App.2d 727, 734 [57 Cal.Rptr. 818].)" (*Alberto, supra,* 102 Cal.App.4th at p. 427.)

The Court of Appeal in *Alberto, supra,* 102 Cal.App.4th 421, did not hold that the second judge "was not empowered to conduct a bail hearing." (*Id.* at p. 430.) Rather, it observed correctly that section 1289 "expressly provides for subsequent motions to increase or reduce bail upon a showing of good cause. However, the good cause must be founded on changed circumstances relating to the defendant or the proceedings, not on the conclusion that another judge in previously setting bail committed legal error." (*Alberto,* at p. 430.) The court remanded the matter with the proviso that the superior court was entitled to conduct a bail hearing to determine if there were changed circumstances. (*Id.* at p. 432.)

*Alberto, supra,* 102 Cal.App.4th 421 is not directly on point with respect to the instant petition, because our case involves a revocation of OR and not precisely a modification of bail. There is not presently a statute similar to section 1289 that governs OR revocation, although such a statute was previously enacted and then repealed.

We turn next to *People v. Konow* (2004) 32 Cal.4th 995 [12 Cal.Rptr.3d 301, 88 P.3d 36] (*Konow*). In that case, the California Supreme Court

considered the question of whether a judge ruling on a motion to set aside a felony information pursuant to a section 995 could review the order of another judge compelling a magistrate to reinstate the complaint pursuant to section 871.5. The Court of Appeal had ruled that the judge hearing the section 995 motion could not review the section 871.5 order without violating California's constitutional provisions concerning appellate review. (*Konow, supra,* at p. 1021.)

The Supreme Court relied on *Alberto, supra,* 102 Cal.App.4th 421, noting that the Court of Appeal had there concluded "that when the second judge acts in accordance with the authority granted by section 1289, that judge properly may increase bail, as warranted, over the amount set by the first judge." (*Konow, supra,* 32 Cal.4th at p. 1021.) The Supreme Court then itself concluded that "[s]imilarly . . . when one judge, in ruling on a motion to set aside an information under section 995, reviews an order of another judge compelling the magistrate to reinstate the complaint under section 871.5, *under the authority granted by section 871.5 itself,* the first judge acts properly, and does not threaten the orderly administration of justice or place himself or herself in the role of a one-judge appellate court over the second judge. [¶] In sum, we disagree with the Court of Appeal and conclude that, in ruling on a motion to set aside an information under section 995, the superior court is authorized to review a prior order compelling the magistrate to reinstate the complaint under section 871.5, and may do so without violating the California Constitution." (*Konow, supra,* at p. 1021.)

Perhaps most useful to our analysis is *In re Noland* (1978) 78 Cal.App.3d 161 [144 Cal.Rptr. 111] (*Noland*), relied on by both petitioner and respondent. The facts in *Noland* are remarkably similar to those in the instant case. However, the relevant statutory authority has been substantially modified since that case was published.

The defendant in *Noland, supra,* 78 Cal.App.3d 161, had properly executed an OR agreement in the justice court and was continued on OR after he was held to answer at his preliminary hearing. When he was arraigned on several felony charges in the superior court, the judge ordered that the defendant execute a new OR agreement that required that 10 days before his scheduled trial date the defendant had to either post bail in the amount of $1,000 or report to the jail to be placed in custody "[b]ecause so many of the Defendants have failed to appear for the trial . . . ." (*Id.* at p. 164.)

The Court of Appeal ruled that the superior court's action was impermissible, because an OR "release properly granted by a magistrate remains in effect while the cause is pending trial in the superior court unless and until it is properly revoked by the superior court." (*Noland, supra,* 78 Cal.App.3d at

p. 164.) The court further held that in order to properly revoke an OR the superior court was required to comply with section 1318.6, which statute then provided "in substance that a previously granted release may be revoked only upon a finding therein prescribed made in open court." (*Noland*, at p. 164.)

Section 1318.6 has been since repealed by the Legislature, but when *Noland* was decided it read: "After a defendant has been released pursuant to this article, the court in which the charge is pending may require that the defendant either give bail in an amount specified by it or other security as elsewhere provided in this chapter upon a finding, made in open court that the defendant has failed to appear or has violated any condition of the order releasing him on his own recognizance, or that there has been a change of circumstances which increases the risk of failure to appear, or that additional facts have been presented which were not shown at the time of the original order releasing the defendant on his own recognizance. The court may order that the defendant be committed to actual custody unless he gives such bail or gives such other security."

The Court of Appeal analyzed the statute as follows: "Although section 1318.6 does not expressly refer to the revocation of a prior release, an order that the defendant give bail or be committed to custody is, in substance, the revocation of a previously granted release on his recognizance." (*Noland, supra,* 78 Cal.App.3d at p. 164, fn. 1.) "Former section 1318.6 vested the court in which the cause is pending with discretion to revoke a prior release. The statute was amended in 1974 to require a prescribed finding in open court before revocation of a prior release. The obvious legislative intent of the amendment was to limit the court's discretion by specifying the grounds upon which a prior release may properly be revoked. The statutory requirement that a finding be made in open court is central to the legislative purpose; it serves to assure that a release is not revoked for improper reasons and to facilitate meaningful appellate review. (See *In re Podesto* (1976) 15 Cal.3d 921, 937–938 [127 Cal.Rptr. 97, 544 P.2d 1297].)" (*Noland, supra,* 78 Cal.App.3d at pp. 164–165, fn. omitted.)

■ As the court in *Noland* noted, prior to 1974, section 1318.6 provided: " 'After a defendant has been released pursuant to this article, the court in which the charge is pending may, in its discretion, require that the defendant either give bail in an amount specified by it or other security as elsewhere provided in this chapter. The court may order that the defendant be committed to actual custody unless he gives such bail or gives such other security.' " (*Noland, supra,* 78 Cal.App.3d at pp. 164–165, fn. 2.) Thus, prior to 1974, the trial court had discretion at anytime to revoke OR and require bail without making the findings that the 1974 amendment of section 1318.6 mandated. Since section 1318.6 was repealed in 1982, it appears that the

matter of revoking OR is again a matter of the trial court's discretion. Thus, as respondent contends, *Noland, supra,* 78 Cal.App.3d 161, supports the superior court's right to revoke OR upon a proper review.

We cannot find that the trial court here abused its discretion in revoking petitioner's OR status. Petitioner was improperly placed on OR in the first place. As far as appears on this record, he did not execute or file a written OR release agreement. (Thus, because probation had been revoked, he was neither subject to the conditions of probation or to OR conditions other than an implied promise to appear.) The arraigning magistrate dispensed with any paper work, noting "[n]o written release is necessary. Defendant is not in custody." It does not appear that any investigation report was presented or considered. Therefore, we have no assurance that the magistrate had information concerning any failures to appear that petitioner may have had in other cases, nor was his residence for the preceding year verified. No hearing was conducted pursuant to section 1319.5, subdivision (a), which requires a hearing when a defendant is charged with committing a new offense while on felony probation. That section certainly indicates the Legislature's posture that a grant of OR for defendant who is on felony probation requires careful scrutiny. Such scrutiny was not provided at petitioner's initial arraignment but was at his arraignment on the felony information.

It also may not be said that Judge Fisher's rulings were a mere correction of legal error on the part of Commissioner Grodin. Rather, the OR release itself was essentially ineffectual without an executed written release agreement that included the promise to appear and a waiver of extradition. (See § 1318.) Petitioner was not subject to the usual terms of OR release absent a written release agreement.

Insofar as revoking OR and setting petitioner's bail at "no bail" may invoke the procedures of section 1289, the trial court did not fail to comply with that statute's requirements as occurred in *Alberto, supra,* 102 Cal.App.4th 421. The trial court here did not simply disagree with the magistrate, who had initially arraigned petitioner and had granted OR. Rather, the court appears to have considered relevant circumstances, but primarily the fact that petitioner had been held to answer. The preliminary hearing transcript shows that the prosecution's case was not a weak one and that the evidence was strong that petitioner while on felony probation was dealing drugs. It does not appear that the arraigning magistrate did anything other than consider defense counsel's description of his client's circumstances. Moreover, Judge Fisher also took into account the fact that petitioner's underlying conviction in the probation case was evasion of a police officer, a crime that reflects poorly on a defendant's likelihood to appear. Since the trial court's hearing was substantial, occurred after petitioner was held to answer—a change in circumstances—and included an opportunity for defense

counsel to present a motion to set bail, we find that the superior court complied with section 1289 and did not abuse its discretion respecting revocation of OR.

## DISPOSITION

The petition for writ of habeas corpus is denied.

Nott, J., and Doi Todd, J., concurred.

On March 28, 2005, the opinion was modified to read as printed above.