Filed 3/30/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC COOKS,<br><br>    Defendant and Appellant. | D079706<br><br><br>(Super. Ct. No. SCS318145) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Appeal dismissed.  Request for judicial notice denied.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Steve Oetting and Anthony DaSilva, Deputy Attorneys General, for Plaintiff and Respondent.

At sentencing, counsel stated that her client, defendant Eric Cooks, waived his right to appear at any future restitution hearing.  The court noted the waiver orally and in its sentencing minute order.  Cooks appeals, claiming he never validly waived his right to be present at a future restitution hearing.  That may be true.  Nonetheless, until a restitution hearing takes place in Cooks's absence, any error from an invalid waiver is hypothetical and not concrete.  Concluding the claim is not yet ripe for appellate review, we therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

After stabbing his wife's teenage son, Cooks pleaded guilty to assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)), and admitted that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)).  The court sentenced Cooks to a seven year stipulated prison term—a four year upper term plus three years for the great bodily injury enhancement.  Cooks was ordered to pay a $300 restitution fine (§ 1202.4, subd. (b)) and a suspended parole revocation fine in the same amount (§ 1202.45), along with various mandatory fees.

Thereafter, the court reserved jurisdiction over victim restitution under section 1202.4, subdivision (f), with the following exchange:

> "[The court:]  And restitution is reserved for victim
> Treshaun P. in an amount to be determined.  [¶]  The court
> will reserve jurisdiction for any future restitution reviews
> or hearings.  [¶]  Will there be a [section] 977 waiver, Ms.
> Basic?
>
> "[Ms. Basic:]  Yes, your Honor.

---

[1]     Further undesignated statutory references are to the Penal Code.

"[The court:] All right. [Section] 977 waiver is noted for the record for any future restitution reviews or hearings."[2]

Cooks did not object to his counsel's representation of a waiver. The sentencing minute order reserved jurisdiction to determine the amount of victim restitution. Under the heading, "Future Hearings," it stated, "PC 977 waiver taken for any future restitution hearing." The record does not reflect that any restitution hearing has taken place.

Cooks appealed the judgment. The People moved to dismiss the appeal on ripeness grounds. In response, Cooks sought judicial notice of a recent unpublished decision from this court, claiming guidance to the lower courts is needed to illustrate how a valid section 977 waiver should be executed. (*People v. Turner* (Aug. 31, 2020, D075569).)

## DISCUSSION

A criminal defendant has a constitutional and statutory right to be present at critical stages of a prosecution, including the imposition of victim restitution. (*People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*).) This right may be waived if the waiver " 'is voluntary, knowing, and intelligent.' " (*Ibid.*, quoting *People v. Davis* (2005) 36 Cal.4th 510, 531 (*Davis*).) Defense counsel may waive the defendant's presence, "but only if there is evidence that defendant consented to the waiver. [Citations.] At a minimum, there must be some evidence that defendant understood the right he was waiving and the consequences of doing so." (*Davis,* at p. 532.)

---

[2]     Section 977, subdivision (b)(1) requires defendants to be present at critical junctures in their cases "unless they waive their right to be physically or remotely present, with leave of court and with approval by defendant's counsel."

Cooks may have a point that the record does not demonstrate he validly waived his right to be present at a future restitution hearing. (See *Davis, supra,* 36 Cal.4th at p. 532; *Nieves, supra,* 11 Cal.5th at p. 508.) With no discussion of what a "977 waiver" was, it is hard to see how Cooks impliedly waived his right to be present at a future hearing by failing to object or contradict his counsel.

Nevertheless, as the People argue, Cooks's claim is not ripe for appellate review. "The ripeness requirement . . . 'prevents courts from issuing purely advisory opinions, or considering a hypothetical state of facts in order to give general guidance rather than to resolve a specific legal dispute.' " (*People v. Garcia* (2018) 30 Cal.App.5th 316, 328.) A controversy is not ripe until " ' "the facts have sufficiently congealed to permit an intelligent and useful decision to be made." ' " (*Ibid.*)

Courts addressing this type of claimed error typically evaluate whether a defendant's *nonappearance* following an invalid waiver resulted in prejudice. (See *Nieves, supra,* 11 Cal.5th at pp. 508−509 [it was harmless error to hold a victim restitution hearing outside defendant's presence without a valid waiver].) Here, no restitution hearing has been held outside Cooks's presence, nor is it clear that one will ever occur. Now that Cooks has raised the issue, his counsel can notify him and seek to secure his presence at any future restitution hearing that occurs. Thus, there remains the distinct possibility that any error in finding a waiver can be remedied by the trial court before the actual hearing. (See, e.g., *People v. Goodwillie* (2007) 147 Cal.App.4th 695, 713−714; *In re Annis* (2005) 127 Cal.App.4th 1190, 1199.) Until the court holds a hearing outside Cooks's presence, any hypothetical

4

error has yet to occur.  Faced with only the *potential* for future error, we conclude Cooks's claim is not ripe for appellate review.[3]

## DISPOSITION

The appeal is dismissed.

DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.

---

[3]    Because we dismiss the appeal, we likewise deny Cooks's request for judicial notice of an unpublished opinion in a case raising a similar claim. (See *Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 418.)